CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BANE, | ) | CASE NO. 7:12CV00159 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| VIRGINIA DEPT. OF CORR., ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Robert Allen Bane, the pro se plaintiff in this prisoner civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), moves the court for a preliminary injunction that would "prohibit[ prison officials] from forcing plaintiff to kneel or climb steps, and require[e] defendants to allow plaintiff full and unencumbered use of a wheelchair, including transportation on a vehicle with an ADA compliant wheelchair life." Upon review of the record, the court denies the motion.

I

Bane asserts that he wears rigid braces on both legs and must use a "Canadian Crutch" to walk, because of nerve damage and joint disease affecting his legs. In this civil action, Bane claims that officials at Pocahontas State Correctional Center (PSCC) have been refusing to provide the requested disability accommodations of his physical problems, despite being directed to do so by Virginia Department of Corrections (VDOC) officials and VDOC policy. Bane alleges that the VDOC Director of Health Services assigned Bane a medical classification "F Code," which "prohibits hills, stairs or other barriers," including steps used to access vans and buses. Despite his F Code classification, Bane alleges, PSCC officials took away his crutch for 10 days while he was in isolation and refused his requests to use a wheelchair instead. While he

was in isolation, officials also forced Bane to kneel during certain procedures, which caused Bane severe pain. Bane argues that "other barriers" includes the kneeling requirement that he challenges and asserts that VDOC officials have exempted him from this procedure in the past.

Bane prepaid the $350.00 filing fee for this civil action when he filed it in April 2012. Defendants waived service of process on May 17, 2012, and are scheduled to file responsive pleadings in early July 2012.

II

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief" and cannot be "availed of to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Upon review of the record, the court concludes that Bane's motion for interlocutory injunctive relief must be denied. First, Bane's motion seeks to change the status quo–to achieve

court-ordered accommodations of his alleged, physical disabilities, including required changes to prison regulations regarding restraint procedures and wheel chair use, and purchase of a vehicle with a wheel chair lift, all of which prison officials have previously refused to provide for Bane's purposes. Rather than maintaining the status quo between the parties, granting the requested relief would require prison officials to expend substantial effort and resources and would circumvent established VDOC procedures on these matters. Defendants should not be put to these burdens before having a chance to develop the issues through the normal litigation processes. Id.

Moreover, in order to find that the "exigencies" of Bane's situation warrant immediate court intervention despite the effect on the status quo, the court would have to decide the very legal questions Bane raises in his complaint under the Eighth Amendment and the ADA before defendants have had opportunity to respond. Deciding issues in this piecemeal fashion is highly discouraged. Id.

Most importantly, Bane is currently under the care of medical personnel at PSCC and does not allege facts demonstrating that he will suffer irreparable harm in the absence of the immediate relief he requests. Bane does not allege that he is currently in isolation, the status in which he was asked to kneel. Moreover, Bane admits in his complaint that when he does not have his crutch to walk or a wheelchair to use and must navigate stairs, prison officials carry him where he needs to go. While Bane complains that this alternative accommodation is prohibited by law, he does not demonstrate that being carried has caused him irreparable harm or is likely to cause him harm in the future. For these reasons, Bane's own allegations preclude a finding that he is likely to suffer irreparable harm without a court order prohibiting the kneeling requirement or requiring that he be provided wheel chair access as requested. As Bane thus cannot satisfy

3

one of the four necessary elements to warrant interlocutory injunctive relief under Winter, his motion for such relief must be denied. Real Truth, 575 F.3d at 347. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of May, 2012.

/s/ James C. Turk
Senior United States District Judge